JOHNSON v. THE PHILADELPHIA, WILMINGTON & BALTIMORE R. Co.[*]

(*Circuit Court, E. D. Pennsylvania.* May 1, 1881.)

1. REMOVAL OF CAUSES—CITIZENSHIP—CONSOLIDATED RAILROAD HAVING CHARTER FROM DIFFERENT STATES.

A railroad formed by the consolidation of three roads chartered respectively by three different states, cannot, when sued in the courts of one of those states by a citizen thereof, remove the case into the federal courts under the act of March 3, 1875, upon the ground that the charters obtained from the other two states gives it a foreign citizenship.

2. SAME.

The P., W. & B. Railroad was chartered by the state of Pennsylvania. Subsequently, by concurrent legislation of the states of Pennsylvania, Maryland, and Delaware, it was consolidated with two other roads, chartered respectively by the latter two states, the consolidated road retaining the name of the P., W. & B. Railroad. Suit was brought by a citizen of Pennsylvania, in the courts of that state, against the P., W. & B. Railroad, who thereupon removed the case to the federal court on the ground of foreign citizenship. *Held*, that the federal court had no jurisdiction, and that the suit should be remanded.

*Reported by Frank P. Prichard, Esq , of the Philadelphia bar.

Rule to show cause why case should not be remanded to state court.

This was an action at law, brought in a state court of Pennsylvania by Caroline Johnson against the Philadelphia, Wilmington & Baltimore Railroad Company. Defendant filed a petition for removal, under the act of congress of March 3, 1875, setting forth that defendant was a corporation formed by the union of three corporations, viz., the Philadelphia, Wilmington & Baltimore Railroad Company, which was chartered by the state of Pennsylvania, the Wilmington & Susquehanna Railroad Company, which was formed by the union of two other railroads, one chartered by the state of Delaware and the other by the state of Maryland, and the Baltimore & Port Deposit Railroad Company, chartered by the state of Maryland; that under authority conferred by concurrent legislation of the three states named, articles of union were entered into by said three corporations, by which they were united in one body corporate, under the name of the Philadelphia, Wilmington & Baltimore Railroad Company, with all the rights, privileges, and immunities which each and all of them possessed under their respective charters; and that the defendant was thus, at the time this suit was brought, a corporation chartered by and existing under the laws of the states of Pennsylvania, Delaware, and Maryland. Under this petition the case was removed to the United States circuit court. Plaintiffs then obtained the present rule to remand.

*George Haldorn,* for plaintiff.

*Thomas Hart, Jr.,* and *James E. Gowen,* for defendant.

The court, McKENNAN, C. J., and BUTLER, D. J., made the rule absolute, and directed the clerk to certify the record to the state court.

NOTE. The recent dissent of Judge Nelson in *Nashua & Lowell R.* v. *Boston & Lowell R.* 8 FED. REP. 458, from what he there says " seems " to have been the conclusion in the above case, renders a full report of the case important; and it is therefore published, although no written opinion has ever been filed. It is to be observed that in the above case, as well as in the later cases of *C. & W. I. R. Co.* v. *L. S. & M. S. Ry. Co.* 5 FED. REP. 19, and *Uphoff* v. *Chicago, St. L. & N. O. R. Co.* Id. 545, which followed its ruling, the consolidated railroad was sued as defendant in a court of one of the states by which it was chartered. The plaintiff had the right to treat it as a corporation of the state in which he sued, and the railroad company could not defeat that right or remove the cause by subsequently alleging a foreign citizenship under its other charters. In the Massachusetts case, however, the situation of the parties was exactly reversed; the consolidated corporation being the plaintiff instead of defendant, and having elected to sue as a foreign citizen by virtue of its foreign charter. Though an individual may insist upon suing such a corporation under the charter granted by his own state, it does not necessarily follow that he can object to being sued by it under the charter granted by a foreign state. It will be seen, therefore, by a comparison of the facts in the two cases, that the decision in the Pennsylvania case does not necessarily conflict with the decision rendered in the Massachusetts case.—[REP.